**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEREMIAH M. GREENWOOD, individually and on behalf of others similarly situated, </br></br>Plaintiff,</br></br>v.</br></br>FIVE GUYS OPERATIONS, LLC,</br></br>Defendant. | )</br>)</br>)</br>)</br>)</br>) No. 1:22-cv-7169-RAG</br>)</br>) Hon. Ronald A. Guzman</br>)</br>)</br>)</br>)</br>) |

**JOINT INITIAL STATUS REPORT**

In accordance with the Court's Order dated February 10, 2023 (ECF No. 18), and Fed. R. Civ. P. 26(f), Plaintiff Jeremiah M. Greenwood and Defendant Five Guys Operations, LLC submit this joint initial status report:

**1. Nature of the Case**

    **A. Attorneys of record**

        Plaintiff: James C. Vlahakis
                    VLAHAKIS LAW GROUP, LLC
                    20 N. Clark St., Ste. 3300
                    Chicago, IL 60602
                    Tel: 312-766-0511
                    jamesv@vlahakislaw.com

        Defendant: Melissa A. Siebert
                      Erin Bolan Hines
                      Andrew L. Franklin
                      SHOOK, HARDY & BACON L.L.P.
                      111 South Wacker Drive, Suite 4700
                      Chicago, IL 60606
                      Tel: (312) 704-7700
                      masiebert@shb.com
                      ehines@shb.com
                      afranklin@shb.com

B. **Parties not yet served:** None.

C. **Basis for federal jurisdiction**

Per ECF 21, Minute Entry, Plaintiff to file jurisdictional supplement on or before March 8, 2023.

D. **Nature of the claims**

Plaintiff alleges that Defendant violated the Biometric Information Privacy Act, 740 ILCS 14/1–99 ("BIPA"), by collecting, capturing, or otherwise obtaining and disclosing class's biometrics without consent, and by failing to publicly maintain an appropriate biometric retention and destruction policy as required by BIPA.

E. **Defendant's Counterclaims and Defenses**

Pursuant to ECF 19, Defendant Five Guys Operations, LLC's Motion to Compel Arbitration and Stay Plaintiff's Class Action Complaint, Five Guys contends that Mr. Greenwood's claims belong in individual arbitration. Five Guys will there raise all available defenses and counterclaims.

F. **Major legal and factual issues**

The major factual issues that the parties anticipate addressing are:

- Employee use of biometric scanning devices at Defendant's Illinois locations;

- Employee use of biometric scanning devices at the Wheaton, Illinois location that is identified in Paragraph 11 of the Operative Complaint, which Plaintiff believes Defendant's recent filings (Dkt. No. 19-1) suggest is a franchise operation location;

- Whether Defendant maintained a publicly available data retention and destruction policy;

- Whether Defendant obtained BIPA-compliant consent before collecting, capturing, obtaining, or disclosing Plaintiff's and the putative class members' biometric information or identifiers;

- The number of times Defendant violated the putative class' BIPA rights, if at all;

- Defendant's attempts, if any, to comply with BIPA; and,

- Defendant's efforts to safeguard biometric information or identifiers it collected.

The major legal issues to be decided include:

- Whether Plaintiff's claims must be brought in individual arbitration pursuant to his Employment Agreement and Arbitration Agreement;

- Whether Defendant violated BIPA;

- Whether Defendant's violation was negligent, intentional, or reckless;

- Whether BIPA's "for each violation" language authorizes a separate statutory damages award for each violation;

- Whether Defendant could be liable for potential BIPA violations which are alleged to have taken place at the Wheaton, Illinois franchise location, which Defendant does not own, operate, or employ workers; and,

- Whether the case is appropriate for class certification under rule 23.

**2.    Case Plan**

   **A.    Pending motions**

Defendant filed a Motion to Compel Arbitration and Stay Plaintiff's Class Action Complaint on February 24, 2023 (ECF No. 19). The Court originally entered a briefing schedule on Defendant's motion, but per its February 24, 2023 minute entry, the Court suspended the briefing schedule and ordered Plaintiff to file a jurisdictional supplement properly alleging Defendant's citizenship on or before March 8, 2023 (ECF No. 21).

   **B.    Anticipated responsive motions**

Defendant does not anticipate further motions at this time, but reserves the right to file such motions if the matter remains in this Court instead of going to arbitration. Plaintiff may amend the operative Complaint to name the franchise owner of a Wheaton, Illinois location that was

named in the operative Complaint (ECF No. 1, ¶11) where Defendant's recent filing (ECF No. 19-1) does not claim ownership of this particular restaurant location.

    **C.**    **Proposed discovery plan:** Defendant objects to engaging in discovery prior to the Court's ruling on its Motion to Compel Arbitration and Stay Plaintiff's Class Action Complaint (ECF 19) in order to preserve and not waive its right to compel arbitration.

    **i.**    **Types of discovery needed:**

In the event the Court denies Defendant's Motion to Compel Arbitration and Stay Plaintiff's Class Action Complaint (ECF 19), Defendant will serve written discovery regarding Plaintiff's use of the technology at issue in this case and take the depositions of Plaintiff(s). Defendant may disclose expert witnesses pursuant to the scheduling order ultimately entered in this case.

In the event the Court denies Defendant's Motion to Compel Arbitration and Stay Plaintiff's Class Action Complaint, *Plaintiff* will serve written discovery regarding the nature of the biometric technology utilized by Defendant, Plaintiff's use of the biometric technology, and the number of biometric scans that Plaintiff was subjected to. Plaintiff will also seek to confirm that Plaintiff and class members did not sign an express BIPA waiver and whether Defendant's alleged violation was negligent, intentional, or reckless, Plaintiff will also seek discovery relative to whether Defendant publicly posted a BIPA Policy. Plaintiff will also seek to discover the demographic information of putative class members, including the nature of the biometric technology that they used, as well as the number of biometric scans that class members were subjected to. Plaintiff shall also depose Defendant's employees and 30(b)(6) witness(es). Finally, Plaintiff may disclose expert witnesses pursuant to the scheduling order ultimately entered in this case.

ii. **ESI:** Plaintiff will seek the production ESI based discovery relative to the manner in which the subject biometric technology worked, the number of scans undertaken in relation to Plaintiff, and the number of scans and identities of putative class members.

iii. **Privilege and confidentiality:** The parties will prepare a stipulated confidentiality order based on the Northern District's model order, including an FRE 502(d) order and an authorization for the parties to disclose biometrics as contemplated by 740 ILCS 14/15(d).

iv. **Schedule:** The parties propose the following schedule:

| Event | Proposed deadline |
|---|---|
| Initial disclosures | 3 weeks after resolution of motion to compel arbitration and stay proceedings |
| Completion of fact discovery | 9 months after resolution of motion to compel arbitration and stay proceedings |
| Discovery status hearing | 5 months after resolution of motion to compel arbitration and stay proceedings |
| Expert discovery | Parties to propose schedule, if any, at a five-month discovery status conference |
| Changes to Fed. R. Civ. P. limits | None |
| Deadline for motion for class certification | 2 months after close of discovery |
| Deadline for dispositive motions | 3 months after ruling on motion for class certification |
| Estimated trial length | 5 days |

3. **Settlement**

A. **Settlement discussions to date:** The parties have not yet engaged in settlement discussions.

B. **Settlement Conference:** The parties do not believe a settlement conference would be productive at this time.

5

**4.	Consent to proceed before a Magistrate Judge**

Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge. The parties do not consent to proceed before a Magistrate Judge.

Dated:  March 3, 2023					Respectfully submitted,

| **JEREMIAH M. GREENWOOD**<br><br>By: */s/ James C. Vlahakis* | **FIVE GUYS OPERATIONS, LLC**<br><br>By: */s/ Erin Bolan Hines* |
|---|---|

James C. Vlahakis				Melissa A. Siebert
VLAHAKIS LAW GROUP, LLC			Erin Bolan Hines
20 N. Clark St., Ste. 3300			Andrew L. Franklin
Chicago, IL 60602				**SHOOK, HARDY & BACON L.L.P.**
Tel: 312-766-0511				111 South Wacker Drive, Suite 4700
jamesv@vlahakislaw.com			Chicago, IL 60606
						Tel:  (312) 704-7700
						masiebert@shb.com
***Attorneys for Plaintiff***			ehines@shb.com
						afranklin@shb.com

						***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I, Erin Bolan Hines, an attorney, hereby certify that on **March 3, 2023**, I caused a true and correct copy of the foregoing document to be filed with the Clerk through the Court's CM/ECF System, which will send electronic notification to all counsel of record.

*/s/ Erin Bolan Hines*